contractor, having occasion in the course of his employment to go through the passage walked into the opening and received the injuries complained of. The general contractor was charged with negligence in failing to properly light the basement and the subcontractor for failure to guard the opening.

*George W. Smyth* for Fred T. Ley & Co., appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for A. & G. Pierce Co., appellant.

*Arthur T. O'Leary* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FREDERICK C. GRATWICK, Respondent, *v.* CARL H. SMITH, Appellant.

*Partnership — conversion — action by surviving partner to recover in conversion from executor of deceased partner a sum of money paid in satisfaction of a partnership claim and deposited to account of decedent's estate — judgment properly awarded for one-half of amount with interest.*

*Gratwick* v. *Smith*, 214 App. Div. 759, affirmed.

(Argued December 9, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 9, 1925, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The action was in conversion. It appeared that plaintiff was a surviving partner of a copartnership to which certain moneys were due and claimed that, under the partnership, he was personally entitled to one-half of the amount. Defendant, executor of a deceased partner, claimed that the whole amount was due his decedent's estate, whereupon the money was paid to him under an agreement that he should hold the same pending settlement of the question in dispute and he deposited the amount to the credit of the estate. Plaintiff thereupon claimed that as surviving partner he was

entitled to administer the fund and, although he admitted that there were no outstanding partnership obligations and that the only question was as to his right to one-half of the fund, brought this action to recover the whole thereof. He was awarded judgment for one-half the amount collected, with interest.

*Philip A. Laing* for appellant.

*Parton Swift* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of PETER F. DIEDRICH et al., Respondents, against CHRIST S. WARREN, as Mayor of the City of Tonawanda, Appellant.

*Municipal corporations — Tonawanda (city of) — officers — authority of aldermen to increase their own salaries.*

*Matter of Diedrich* v. *Warren*, 213 App. Div. 406, affirmed.
(Argued December 9, 1925; decided January 12, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 8, 1925, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel the defendant to sign and deliver salary warrants in favor of the petitioners, as aldermen of the city of Tonawanda, at a rate fixed by a resolution of the board of aldermen passed over the mayor's veto. Defendant contended that the increase was illegal for the reason that a member of the common council cannot vote for an increase in his own salary to take effect during his term of office. The petitioners argued that the resolution was authorized by section 3 of title 6 of the charter (L. 1920, ch. 350) which reads as follows: " It [the common council] shall have the power to fix or change the salary of all officers of the city including such as are fixed by this act which shall not be diminished during the continuance of such term of office."

39